**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
EDWARD WOODS AND TYRONE HILTON,
individually,

Plaintiffs,

-against-

FITZCON CONSTRUCTION/REN CORP., FITZCON EXCAVACATION, ESCO HIRF CO INC., RONAN COTTER, *individually*, CORNELIUS O'SULLIVAN, *individually*, and MARTIN TEVLIN, *individually*,

Defendants.
------------------------------------------------------------------X

Case No.:

**COMPLAINT**

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Edward Woods and Tyrone Hilton ("Plaintiffs"), by and through their attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complain of the Defendants as follows:

**NATURE OF THE CASE**

1. Plaintiffs complain pursuant to 42 U.S.C. §1981, the New York State Human Rights Law, New York State Executive Law §§ 296, et. seq. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§ 8-107, et. seq. ("NYCHRL") and seek damages to redress the injuries they have suffered as a result of being discriminated against on the basis of their race/color (Black) by co-workers and supervisors.

2. Plaintiffs also bring this action, individually, charging that the Defendants violated Plaintiffs' rights under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.) hereinafter "FLSA," and seek to recover unpaid back wages, and an additional amount as liquidated damages, reasonable attorneys' fees and costs, and to remedy

1

       violations of New York State Labor Law based upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367.

3. At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiffs to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

4. Jurisdiction of this Court is proper under 42 U.S.C. §1981, 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

5. The Court has supplemental jurisdiction over the claims that Plaintiffs brought under state and city law pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendants reside within the Southern District of New York or the acts complained of occurred therein.

7. By, contemporaneously with the filing of this Complaint, mailing copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiffs satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the transmittal letter to the NYCCHR, *et ano.*, is annexed hereto as Exhibit A.

**PARTIES**

*Plaintiffs*

8. At all times relevant hereto, Plaintiff EDWARD WOODS (hereinafter referred as "Plaintiff WOODS") is an African American male and a resident of the State of New York and Queens County.

9. At all times relevant hereto, Plaintiff TYRONE HILTON (hereinafter referred as "Plaintiff HILTON") is an African American male and a resident of the State of New York and New York County.

*Defendants*

10. At all times relevant hereto, Defendant FITZCON CONSTRUCTION/REN CORP. (collectively with Defendants FITZCON EXCAVATION and Defendant ESCO HIRF CO INC. "Defendant FITZCON") was and is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

11. Upon information and belief, Defendant FITZCON CONSTRUCTION/REN CORP. employs fifteen or more employees.

12. That at all times relevant hereto, Defendant FITZCON EXCAVATION (collectively with Defendants FITZCON EXCAVATION and Defendant ESCO HIRF CO INC. "Defendant FITZCON") was and is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

13. Upon information and belief, Defendant FITZCON EXCAVATION employs fifteen or more employees.

14. That at all times relevant hereto, Defendant ESCO HIRF CO INC. (collectively with Defendants FITZCON EXCAVATION and Defendant ESCO HIRF CO INC. "Defendant

FITZCON") was and is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

15. Upon information and belief, Defendant ESCO HIRF CO employs fifteen or more employees.

16. Defendants FITZCON CONSTRUCTION/REN CORP., FITZCON EXCAVATION AND ESCO HIRF CO INC. (collectively "Defendant FITZCON") are associated and joint employers, share ownership and management, act in the interest of each other with respect to employees, and share control over employees.

17. Defendant FITZCON possessed substantial control over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs.

18. That at all times relevant hereto, Plaintiffs were employees of Defendant FITZCON.

19. That at all times relevant hereto, Defendants, FITZCON CONSTRUCTION/REN CORP., FITZCON EXCAVATION, COTTER, O'SULLIVAN, and TEVLIN, are collectively referred to herein as "Defendants."

*Defendant RONAN COTTER*

20. RONAN COTTER is an individual engaging (or who was engages) in business in this judicial district during the relevant time period.

21. That from in or around March 2019, Individual Defendant RONAN COTTER ("COTTER") was employed by Corporate Defendants as a "foreman.".

22. That at all times relevant hereto, Defendant COTTER had supervisory authority over Plaintiffs. Defendant COTTER had the authority to hire, fire, or affect the terms and

conditions of Plaintiffs' employment, or to otherwise influence the decisionmaker of the same.

*Defendant CORNELIUS O'SULLIVAN*

23. CORNELIUS O'SULLIVAN is an individual engaging (or who was engages) in business in this judicial district during the relevant time period.

24. That at all relevant times, Individual Defendant CORNELUS O'SULLIVAN ("O'SULLIVAN") was an owner of Corporate Defendants.

25. That at all times relevant hereto, Defendant COTTER had supervisory authority over Plaintiffs. Defendant COTTER had the authority to hire, fire, or affect the terms and conditions of Plaintiffs' employment, or to otherwise influence the decisionmaker of the same.

*Defendant MARTIN TEVLIN*

26. MARTIN TEVLIN is an individual engaging (or who was engages) in business in this judicial district during the relevant time period.

27. At all times relevant, Individual Defendant MARTIN TEVLIN ("TEVLIN") was employed by Corporate Defendants as a "foreman."

28. That at all times relevant hereto, Defendant TEVLIN had supervisory authority over Plaintiffs. Defendant TEVLIN had the authority to hire, fire, or affect the terms and conditions of Plaintiffs' employment, or to otherwise influence the decisionmaker of the same.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

29. Defendants operate a construction company located in New York.

30. Each Defendant possesses substantial control over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs.

31. Defendants jointly employed Plaintiffs and are their employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

32. In the alternative, Defendants constitute a single employer of Plaintiffs.

33. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL and discrimination statutes. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for their services.

34. Upon information and belief, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000.00 at all relevant times.

35. In addition, the Defendants and their enterprise used items in interstate commerce. For example, numerous items that were used daily at the construction site, such as construction equipment, were produced outside the state of New York.

*PLAINTIFFS' UNPAID OVERTIME WAGE CLAIMS*

*Individual Plaintiffs*

36. Plaintiffs are former employees of Defendants and were employed as laborers.

*Plaintiff Edward Woods*

37. From approximately April 2018 until on or about March 13, 2020, Plaintiff WOODS was hired by Defendants as a "laborer."

38. Plaintiff WOODS regularly handled goods in interstate commerce, such as construction materials produced outside the State of New York.

39. From approximately April 2018 until on or about October 2018, Plaintiff WOODS would generally work from 6:30 a.m. to 11:00 p.m. Monday through Saturday (approximately 90 hours per week).

40. From approximately October 2018 until on or about March 13, 2020, Plaintiff WOODS was working a schedule of approximately 6:30 a.m. until approximately 5:00 p.m. (approximately 63 hours per week).

41. Throughout his employment, Plaintiff WOODS was paid at a rate of $16.00 per hour.

42. Throughout his employment, Plaintiff WOODS was paid by personal checks.

43. Plaintiff WOODS, however, was not paid at an overtime rate for any of the hours worked over forty as required by federal and state law.

44. Defendants did not provide Plaintiff WOODS an accurate statement of wages, as required by NYLL 195(3).

45. Defendants did not give any notice to Plaintiff WOODS of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Tyrone Hilton*

46. From approximately August 2017 until on or about September 2019, Plaintiff HILTON was hired by Defendants as a "laborer."

47. Plaintiff HILTON regularly handled goods in interstate commerce, such as construction materials produced outside the State of New York.

48. From approximately August 2017 until on or about September 2019, Plaintiff HILTON worked from approximately 7:00 a.m. until on or about 5:00 p.m. 5 or 6 days a week (approximately 50 to 60 hours per week).

49. Throughout his employment, Plaintiff HILTON was paid at a rate of $27.00 per hour.

50. Plaintiff HILTON, however, was not paid at an overtime rate for any of the hours worked over forty as required by federal and state law.

51. Defendants did not provide Plaintiff HILTON an accurate statement of wages, as required by NYLL 195(3).

52. Defendants did not give any notice to Plaintiff HILTON of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*PLAINTIFF'S RACE AND/OR NATIONAL ORIGIN DISCRIMINATION CLAIMS*

53. As laborers, Plaintiffs were responsible for doing general construction work on multiple projects.

54. Soon after beginning their employment, Plaintiffs' work environment became permeated with racist harassment from co-workers and supervisors.

55. As but one example in approximately May 2018, a co-worker was transporting construction materials on the construction site in Plaintiffs' presence.

56. Plaintiffs' supervisor, Defendant COTTER, yelled, in view of the Plaintiffs, that their co-worker should push "like you're pushing a black man off your wife."

57. Plaintiffs, who are black, were shocked and offended by this comment and Plaintiff WOODS informed Defendant COTTER that he should stop using this language.

58. Defendant COTTER, however, continued using racist language towards and around the Plaintiffs.

59. On multiple occasions since May 2018, Defendant COTTER has repeated this comment and also referred to Plaintiff WOODS as a "nigger."

60. Multiple co-workers echoed these racist comments and repeatedly referred to Plaintiffs as "niggers."

61. In approximately summer 2019 another supervisor, Defendant TEVLIN, referred to Plaintiff WOODS as a "nigger," telling Plaintiff WOODS to "shut the fuck up you fucking nigger."

62. Plaintiff WOODS has complained about this racist work environment to supervisors multiple times to no avail, including to Defendant O'SULLIVAN.

63. Most recently, in January 2020 Plaintiff complained to Defendant TEVLIN that a co-worker had called him a monkey.

64. In response, Defendant TEVLIN refused to hear Plaintiff's complaint and told Plaintiff that his harasser was right and that "you are a monkey."

65. **Plaintiffs were treated differently by Defendants, solely due to their race and/or national origin.**

66. Defendants' actions and conduct were intentional and intended to harm Plaintiffs.

67. The above are just some of the ways Defendants discriminated against Plaintiffs while employing them.

68. Defendants FITZCON had knowledge of and/or acquiesced in the discrimination and/or harassment.

69. Plaintiffs' performance was, upon information and belief, exemplary during the course of their employment with Defendants.

70. Plaintiffs were unlawfully discriminated against, retaliated against, humiliated, degraded and belittled, and as a result, suffers the loss of rights, emotional distress, loss of income, and earnings.

71. As a result of Defendants' actions, Plaintiffs feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

72. As a result of the acts and conduct complained of herein, Plaintiffs suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER 42 U.S.C. §1981

73. Plaintiffs repeat, reiterate, and reallege each and every paragraph above as if said paragraph was more fully set forth herein at length.

74. 42 U.S.C. § 1981 states in relevant part as follows:

    (a)   Statement of equal rights

    All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

    (b)   "Make and enforce contracts" defined

    For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

    42 U.S.C. §1981

70. Plaintiffs, who are Black, were discriminated against because of their race as provided under 42 U.S.C. §1981 and have suffered damages as set forth herein.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK STATE EXECUTIVE LAW

71. Plaintiffs repeat, reiterate, and reallege each and every paragraph above as if said paragraph was more fully set forth herein at length.

72. The New York State Executive Law § 296(1)(a) provides that,

    "It shall be an unlawful discriminatory practice: For an employer …

10

> because of an individual's age, **race**, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

73. Defendants engaged in an unlawful discriminatory practice in violation of the New York State Executive Law § 296(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiffs because of their race/color (Black).

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

74. Plaintiffs repeat, reiterate, and reallege each and every paragraph above as if said paragraph was more fully set forth herein at length.

75. The New York City Administrative Code §8-107(1) provides that

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, **race**, creed, **color**, **national origin**, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

76. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiffs because of their race/color (Black).

### AS A FOURTH CAUSE OF ACTION FOR VIOLATION OF THE OVERTIME WAGE PROVISIONS OF THE FLSA

80. Plaintiffs repeat, reiterate, and reallege each and every allegation made in the above paragraphs of this complaint.

81. Defendants failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

82. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

83. Plaintiffs were damaged in an amount to be determined at trial.

## AS A FIFTH CAUSE OF ACTION
## FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE NYLL

84. Plaintiffs repeat, reiterate, and reallege each and every allegation made in the above paragraphs of this complaint.

85. Defendants failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

86. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

87. Plaintiffs were damaged in an amount to be determined at trial.

## AS A SIXTH CAUSE OF ACTION
## FOR VIOLATION OF NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NYLL

88. Plaintiffs repeat, reiterate and reallege each and every allegation made in the above paragraphs of this complaint.

89. Defendants failed to provide Plaintiffs with a written notice, of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

90. Plaintiffs were damaged in an amount to be determined at trial.

## AS A SEVENTH CAUSE OF ACTION
## FOR VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NYLL

91. Plaintiffs repeat, reiterate and reallege each and every allegation made in the above paragraphs of this complaint.

92. Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

93. Plaintiffs were damaged in an amount to be determined at trial.

## JURY DEMAND

94. Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs respectfully request a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §1981, the New York State Human Rights Law, New York State Executive Law, §§ 296 et. seq., and the New York City Human Rights Law, Administrative Code §§ 8-107 et seq., in that Defendants discriminated, and retaliated against Plaintiffs on the basis of their race;

B. Awarding Plaintiffs compensatory damages for mental, and emotional injury, distress, pain and suffering and injury to their reputation in an amount to be proven;

C. Awarding Plaintiffs punitive damages;

D. Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

E. Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation, and damages for any improper deductions

      or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

F.    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

G.    Awarding Plaintiffs damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable;

H.    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

I.    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

J.    Awarding Plaintiffs attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

K. Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
September 30, 2020

                **PHILLIPS & ASSOCIATES,**
                **Attorneys at Law, PLLC**

By: /s/ Shawn Clark
     Shawn R. Clark, Esq.
     *Attorneys for Plaintiffs*
     45 Broadway, Suite 430
     New York, New York 10006
     T: (212) 248-7431
     F: (212) 901 - 2107
     sclark@tpglaws.com