**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X    Case No.  20-cv-08088

EDWARD WOODS AND TYRONE HILTON,
individually,

                                        Plaintiffs,

            -against-

FITZCON CONSTRUCTION/REN CORP., FITZCON
EXCAVACATION, ESCO HIRF CO INC., RONAN
COTTER, *individually*, CORNELIUS O'SULLIVAN,
*individually*, and MARTIN TEVLIN, *individually*,

                                        Defendants.

-------------------------------------------------------------------X

**<u>Memorandum of Law in Support of Plaintiffs' Motion for Default Judgment</u>**

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC** .

_____
Melissa Vo
*Attorneys for Plaintiffs*
45 Broadway, Suite 430
New York, New York 10006
(212) 248-7431
mvo@tpglaws.com

## Table of Contents

Preliminary Statement and Procedural Facts ........................................................ 5

Statement of Material Facts ................................................................................ 6

Argument ........................................................................................................... 8

   **I.**    PLAINTIFFS ARE ENTITLED TO ENTRY OF JUDGMENT BY DEFAULT AGAINST DEFENDANTS ................................................................. 8

   a.    Defendants Have Been Properly Served Under Fed. R. Civ. P. 4 and Rule 55.2(c) of the Local Rules and Are Now in Default ........................................ 8

   a.    Plaintiffs are Entitled to Recover Overtime Wages ........................... 13

   a.    Statute of Limitations Under the FLSA and NYLL ........................... 13

     **A.**   Legal Standard ................................................................. 15

     **B.**   Back Pay ........................................................................ 15

     **C.**   Emotional Distress Damages ........................................... 16

   b.    Overtime Wages ................................................................. 17

   c.    Plaintiffs are Entitled to Liquidated Damages .................................. 18

   d.    Plaintiffs are Entitled to Damages for Violations of Wage Notice and Statement Requirements ................................................................. 19

   e.    Reasonable Attorneys' Fees and Costs ............................................ 19

   f.    Attorneys' Fees and Support Staff Fees ......................................... 20

   g.    Additional Damages ......................................................... 20

Conclusion ......................................................................................................... 21

## <u>Table of Authorities</u>

**Cases**

2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016) ............................................................................. 11

506 U.S. 1080 (1993) .................................................................................................................... 12

*Aguilar v. E-Z Supply Corp.,* 2008 WL 905224 at 2 (E.D.N.Y., 2008)........................................ 11

*Albunio v. City of New York*, 16 N.Y.3d 472 (2011) .................................................................... 13

*Alston v. Northstar La Guardia LLC*, 2010 U.S. Dist. LEXIS 90958 (S.D.N.Y. 2010) .............. 10

*Alvarez v. IBP, Inc.*

    339 F.3d 894, 909 (9th Cir. 2003), *aff'd,* 126 S.Ct. 514 (2005) ............................................. 17

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182 (2d Cir.

    2008) ...................................................................................................................................... 19

*Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) .............................................. 12

*Blue v. Finest Guard Services, Inc.,* 2010 U.S. Dist. LEXIS 73223 (E.D.N.Y. 2010)................. 10

*Broome v. Biondi*, 17 F.Supp.2d 211 (S.D.N.Y. 1997) ................................................................. 15

*Citigroup Glob. Mkts., Inc. v. JWS 1999 Holding B.V.*, 2009 U.S. Dist. LEXIS 83776 (S.D.N.Y.

    Sep. 11, 2009) ........................................................................................................................ 10

*Damassia v. Duane Reade, Inc.*

    2005 U.S. Dist. LEXIS 9768 at *5 (S.D.N.Y. May 20, 2005).................................................. 17

*Decraene v. Neuhaus (U.S.A.), Inc.*

    2005 U.S. Dist. LEXIS 10836 at *23-*24 (S.D.N.Y. 2005)..................................................... 18

*Doo Nam Yang v. ACBL Corp.*

    427 F. Supp. 2d 327, 340 (S.D.N.Y. 2005).............................................................................. 17

*F.T.C. v. 1263523 Ontario, Inc.,* 205 F. Supp. 2d 218, 221 (S.D.N.Y. 2002)............................. 11

*Flaks v. Koegel*, 504 F.2d 702 (2d Cir. 1974)...............................................................................14

*Gesauldi v. Dan Yant Inc*., 6 F. Supp. 3d 264 (E.D.N.Y. 2014)....................................................14

*Godlewska v. Human Dev. Assoc., Inc.*

    2006 U.S. Dist. LEXIS 30519, at *12 (E.D.N.Y. May 18, 2006) ............................................18

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp*., 973 F.2d 155, 158 (2d Cir. 1992) .......12

*Gucci Am., Inc. v. Tyrrell-Miller,* 678 F. Supp. 2d 117, 119 (S.D.N.Y. 2008) ............................11

*Gunawan v. Sushi Sake Rest*., 897 F. Supp. 2d 76 (E.D.N.Y. 2012)............................................13

*Hardrick v. Airway Freights Systems, Inc.*

    63 F. Supp. 2d 898, 904 (N.D.Ill. 1999) ...............................................................................17

In *Santana v. G.E.B. Med. Mgmt., Inc.*, 2017 NY Slip Op 32289(U) (Sup. Ct. Bronx County 2008)

    ...............................................................................................................................................15

*Insinga v. Coop. Centrale Raiffeisen Boerenleenbank B.A.*, 478 F. Supp. 2d 508 (S.D.N.Y. 2007)

    ...............................................................................................................................................19

*La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341 (E.D.N.Y. 2009) .......................10

*Labarbera v. ASTC Labs. Inc.,* 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) ...............................12

*Mason Tenders Dist. Council v. Duce Const. Corp.,* 2003 U.S. Dist. LEXIS 6881 (S.D.N.Y., April

    25, 2003) ..................................................................................................................................9

*McLaughlin v. Richland Shoe Co.*

    486 U.S. 128, 133 (1988)........................................................................................................17

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102 (2d Cir. 2013).......................13

*Morales v. B&M Gen. Renovation Inc.,* 2016 WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016) ......11

*N.Y.C. Transit Auth. v. State Div. of Human Rights*, 78 N.Y.2d 207 (1991)................................15

*Osorio v. Source Enterprises, Inc.*, 2007 U.S. Dist. LEXIS 18725 (S.D.N.Y. 2007) .................15

*Reiter v. MTA N.Y. City Transit Auth.,* 457 F.3d 224 (2d Cir. 2006) ........................................... 19

*Shapiro, Bernstein & Co. v. Continental Record Co.,* 386 F.2d 426 (2d Cir. 1967) (*per curiam*)10

*Starbucks Corp. v. Morgan,* 2000 WL 949665, at 1 (S.D.N.Y. 2000) ........................................ 11

*Town of Hempstead v. State Div. of Human Rights*, 233 A.D.2d 451 (2d Dep't 1996) .............. 15

*Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. LLC,* 665 F. Supp. 2d

    434, 436 (S.D.N.Y. 2009) ...................................................................................................... 11

*Zeng Liu v. Jen Chu Fashion Corp*

    2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. 2004) ...................................................................... 16

### Statutes

12 N.Y.C.R.R. § 146-1.4 ............................................................................................................. 16

29 U.S.C. § 207(a)(1) .................................................................................................................. 16

29 U.S.C. § 216(b) ...................................................................................................................... 18

29 U.S.C. § 260 ........................................................................................................................... 18

29 U.S.C. §211(c) ....................................................................................................................... 16

N.Y. Bus. Corp. L. § 306(b) ......................................................................................................... 9

### Rules

Fed. R. Civ. P 12(a) ...................................................................................................................... 9

Fed. R. Civ. P. 4(e)(1) ................................................................................................................... 9

Fed. R. Civ. P. 55(b) ............................................................................................................... 10, 14

N.Y. Labor Law § 663(1) ............................................................................................................. 18

## Preliminary Statement and Procedural Facts

Edward Woods ("Woods") and Tyrone Hilton ("Hilton") (collectively "Plaintiffs"), by and through their attorneys Phillips & Associates PLLC, respectfully submit this memorandum of law in support of their motion for default judgment against Defendants Esco Hirf Co., Inc. and Martin Tevlin (collectively, "Defendants"). Defendant Esco Hirf Co., Inc. was served on October 8, 2020. Docket No. 17. Defendant Martin Tevlin was served on December 9, 2020. Docket No. 26. The Clerk of the Court issued Certificates of Default against Defendants on June 14, 2021. Docket Nos. 38 and 39.

Plaintiffs commenced this action by filing the Complaint on September 30, 2020. Docket No. 1. Plaintiffs allege that while employed by Defendants, they were subjected to discrimination on the basis of their race/color (Black) by co-workers and supervisors under 42 U.S.C. §1981, the New York State Human Rights Law, New York State Executive Law §§ 296, et. seq. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§ 8-107, et. seq. ("NYCHRL"). The factual allegations in the Complaint fully support each of the alleged causes of action. Plaintiffs request an inquest so that the Court may set an award as to emotional distress damages, punitive damages, attorneys' fees, and costs. *See generally* Docket No. 1.

Defendants have damaged Plaintiffs emotionally and financially as a result of the aforementioned violations of the law. Given Defendants' failure to appear, this Court should find that Defendants violated 42 U.S.C. §1981, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). These violations justify a grant of default judgment in an amount equal to Plaintiff's lost wages, emotional distress damages, punitive damages, attorneys' fees, and costs. This is also an action for damages to redress the injuries they

have suffered as a result of unpaid back wages, and an additional amount as liquidated damages, reasonable attorneys' fees and costs under the Fair Labor Standards Act ("FLSA"), and the New York Labor Law ("NYLL"), and associated rules and regulations. *See generally* Docket No. 1.

## Statement of Material Facts

The following facts are taken from the affidavits of Edward Woods (Woods Aff.), Tyrone Hilton (Hilton Aff.), the Declaration of Melissa Vo ("Vo Decl.") and the Docket in this action.

At all times relevant, Individual Defendant Martin Tevlin ("Tevlin") was employed by Corporate Defendant Esco Hirf Co., Inc. as a "foreman" located in this judicial district during the relevant time period. Exhibit 1, ¶2; Exhibit 2, ¶2. Plaintiff Edward Woods was employed by Defendant Esco Hirf Co., Inc. from on or about April 2018 until on or about March, 2020. Exhibit 2, ¶5, 6; Docket No. 1 ¶39, 40. Plaintiff Tyrone Hilton was employed by Defendant Esco Hirf Co., Inc from on or about August 2017 until on or about September 2019. Exhibit 1, ¶5; Docket No. 1 ¶48. 30. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL and discrimination statutes. *See* Exhibits 1 and 2. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for their services. Exhibits 1 and 2, ¶4; Docket No.1 ¶ 33.

*Plaintiffs Edward Woods and Tyrone Hilton*

From approximately April 2018 until on or about October 2018, Plaintiff Woods worked approximately from 6:30 a.m. to 11:00 p.m. Monday through Saturday (approximately 90 hours per week). Exhibit 1, ¶5; Docket No. 1 ¶39. From approximately October 2018 until on or about March 13, 2020, Plaintiff Woods worked approximately from 6:30 a.m. until 5:00 p.m. (approximately 63 hours per week). Exhibit 1, ¶6; Docket No. 1 ¶40. Throughout his employment, Plaintiff Woods was paid at a rate of $16.00 per hour by personal checks. Exhibit 1, ¶7, 8.

From approximately August 2017 until on or about September 2019, Plaintiff Hilton worked from approximately 7:00 a.m. until on or about 5:00 p.m. 5 or 6 days a week (approximately 50 to 60 hours per week). Exhibit 2, ¶5;  Docket No. 1 ¶48. Throughout his employment, Plaintiff Hilton was paid at a rate of $27.00 per hour. Exhibit 2, ¶6;  Docket No. 1 ¶49.

Plaintiffs, however, were not paid at an overtime rate for any of the hours worked over forty as required by federal and state law. Exhibit 1, ¶7;  Exhibit 2, ¶9;  Docket No. 1 ¶43, 50. Defendants did not provide Plaintiffs an accurate statement of wages, as required by NYLL 195(3). Docket No. 1 ¶44, 51. Defendants did not give any notice to Plaintiffs of their rates of pay, employer's regular pay day, and such other information as required by NYLL §195(1). Exhibit 1, ¶8, 9; Exhibit 2, ¶10, 11; Docket No. 1 ¶45, 52. 53.

Soon after beginning their employment, Plaintiffs' work environment became permeated with racist harassment from co-workers and supervisors. Exhibit 1, ¶10; Exhibit 2, ¶12;  Docket No. 1 ¶54. Multiple co-workers made racist comments and repeatedly referred to Plaintiffs as "niggers." Exhibit 1, ¶15; Exhibit 2, ¶18, 19; Docket No. 1 ¶60. In approximately summer 2019 another supervisor, Defendant Tevlin referred to Plaintiff Woods as a "nigger," telling Plaintiff Woods to "shut the fuck up you fucking nigger." Exhibit 2, ¶19;  Docket No. 1 ¶61.

Plaintiff Woods has complained about this racist work environment to supervisors multiple times to no avail. Exhibit 2, ¶20;  Docket No. 1 ¶62. In January 2020 Plaintiff Woods complained to Defendant TEVLIN that a co-worker had called him a monkey. Exhibit 2, ¶21;  Docket No. 1 ¶63. In response, Defendant TEVLIN refused to hear Plaintiff's complaint and told Plaintiff that his harasser was right and that "you are a monkey." Exhibit 2, ¶22; Docket No. 1 ¶64.Plaintiffs were treated differently by Defendants and discriminated against. Exhibit 1, ¶16, 18;  Exhibit 2, ¶23, 25.   Docket No. 1 ¶65. The above are just some of the ways Defendants discriminated against Plaintiffs while employing them. Exhibit 1, ¶16;  Exhibit 2, ¶23;    Docket No. 1 ¶67.

Defendants had knowledge of and/or acquiesced in the discrimination and/or harassment. Exhibit 2, ¶20, 21; Docket No. 1 ¶68. Plaintiffs' performance was, upon information and belief, exemplary during the course of their employment with Defendants. Exhibit 1, ¶17; Exhibit 2, ¶24; Docket No. 1 ¶69. Plaintiffs were unlawfully discriminated against, retaliated against, humiliated, degraded and belittled, and as a result, suffers the loss of rights, emotional distress, loss of income, and earnings.  Exhibit 1, ¶18; Exhibit 2, ¶25; Docket No. 1 ¶70.

As a result of Defendants' actions, Plaintiffs feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.   Exhibit 1, ¶18; Exhibit 2, ¶25; Docket No. 1 ¶71. As a result of the acts and conduct complained of herein, Plaintiffs suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Exhibit 1, ¶19; Exhibit 2, ¶26; Docket No. 1 ¶72.

## Argument

### I. PLAINTIFFS ARE ENTITLED TO ENTRY OF JUDGMENT BY DEFAULT AGAINST DEFENDANTS

#### a. Defendants Have Been Properly Served Under Fed. R. Civ. P. 4 and Rule 55.2(c) of the Local Rules and Are Now in Default

A default judgment should be entered against both Defendants. Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant has 21 days from service of a summons and complaint to file a responsive pleading or to move to dismiss the action. *Mason Tenders Dist. Council v. Duce Const. Corp.,* 2003 U.S. Dist. LEXIS 6881, at *2 (S.D.N.Y., April 25, 2003). Here, Defendants neither filed a responsive pleading nor moved to dismiss the action, even though they were properly served under Rule 4 of the Federal Rules of Civil Procedure.

Rule 4 provides that service may be effected by "following state law . . . [of] the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). Section 306 of the Business Corporation law provides that:

> service of process on the secretary of state as agent of a domestic or
> authorized foreign corporation shall be made by personally
> delivering [all necessary documents] to . . . the secretary of state or
> a deputy, or with any person authorized by the secretary of state to
> receive such service, at the office of the department of state in the
> city of Albany . . . . Service of process on such corporation shall be
> complete when the secretary of state is so served.

N.Y. Bus. Corp. L. § 306(b)(1). Thus, a corporation registered to do business in New York may
be served by proper service upon the Secretary of State of New York.

Here, Plaintiffs filed their Complaint on September 30, 2020 (Docket No. 1). On October
8, 2020, Defendant Esco Hirf Co., Inc. was served via the secretary of state with a copy of the
Summons and Complaint, thereby completing service on Defendant Esco Hirf Co., Inc. Docket
No. 17. On December 9, 2020, Muataz Ahmad delivered a true copy of the summons and of the
complaint to Martin Tevlin at Martin Tevlin at 6903 55TH Avenue, Maspeth, NY 11378, the last
known residence of Defendant Martin Tevlin, thereby completing service on Martin Tevlin.
Docket No. 26.

To date, Defendants have failed to respond to the Complaint, and thus default judgment is
appropriate. *See Blue v. Finest Guard Services, Inc.,* 2010 U.S. Dist. LEXIS 73223 (E.D.N.Y.
2010); *Citigroup Glob. Mkts., Inc. v. JWS 1999 Holding B.V.*, 2009 U.S. Dist. LEXIS 83776, at*2
(S.D.N.Y. Sep. 11, 2009) ("default judgment is appropriate when the adversary process has been
halted because of an essentially unresponsive party") (quotations and citations omitted). Nor has
any attorney noticed any appearance on Defendants' behalf. *See La Barbera v. Fed. Metal & Glass
Corp.*, 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009) ("a failure to obtain counsel constitutes a failure
to defend because corporations cannot proceed in federal court *pro se*") (citing *Shapiro, Bernstein
& Co. v. Continental Record Co.,* 386 F.2d 426, 427 (2d Cir. 1967) (per curiam) (corporations
cannot appear without an attorney).

Moreover, a Clerk's Certificate of Default has already been filed, so Plaintiffs are entitled to an entry of default by virtue of Defendants' failure to answer the Complaint or otherwise defend against the lawsuit. Fed. R. Civ. P. 55(b); *Alston v. Northstar La Guardia LLC*, 2010 U.S. Dist. LEXIS 90958, at * 3 (S.D.N.Y. 2010).

As per Rule 55.2(c) of the Local Rules of the United Stated District Courts for the Southern and Eastern Districts of New York, Plaintiffs have mailed all papers filed in support of the entry of default to "the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)." Proof of such mailing is concurrently being filed with the Court. *See* Exhibit 8 to the Vo Declaration.

### A. <u>Plaintiff's Well-Pleaded Allegations In The Complaint Must Be Accepted As True</u>

By defaulting and failing to challenge Plaintiffs' allegations, Defendants have conceded the truth of the allegations in the filed Complaint for purposes of this default motion. It is well settled that a defendant who fails to answer is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Morales v. B&M Gen. Renovation Inc.,* 2016 WL 1266624 at 2 (E.D.N.Y. 2016), *report and recommendation adopted by,* 2016 WL 1258482 (E.D.N.Y. 2016); *Aguilar v. E-Z Supply Corp.,* 2008 WL 905224 at 2 (E.D.N.Y. 2008) ("A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages."); *Duffy v. Modern Concrete Corp.,* 2008 WL 822111 at 3 (E.D.N.Y. 2008) (A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability.); *F.T.C. v. 1263523 Ontario, Inc.,* 205 F. Supp. 2d 218, 221 (S.D.N.Y. 2002) (Defendants' failure to answer the Complaint precludes them from raising any "meritorious defense" to the claims asserted against them because "[e]ntry of default constitutes an admission

of all well-pleaded allegations of the complaint by the defaulted party."); *Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. LLC,* 665 F. Supp. 2d 434, 436 (S.D.N.Y. 2009) ("When the Court enters a default judgment, as regards liability it must 'accept [] as true all of the factual allegations of the complaint...'); *Gucci Am., Inc. v. Tyrrell-Miller,* 678 F. Supp. 2d 117, 119 (S.D.N.Y. 2008) ("A plaintiff's factual allegations, except those relating to damages, must be accepted as true where, as here, the defendant defaults."); *Starbucks Corp. v. Morgan,* 2000 WL 949665, at 1 (S.D.N.Y. 2000) (factual allegations in complaint "taken as true" when defendant is in default). By defaulting, a defendant essentially admits that all allegations in the complaint against him are true. *Id.*

"Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs. Inc.,* 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (citation and quotation marks omitted); *see also Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981). A court therefore retains the discretion to determine whether a final default judgment is appropriate. *See Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993). In exercising that discretion, courts recognize that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," and only when there are well-pleaded factual allegations should a court "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

**B.    Plaintiff's Allegations Make Out the Requisite Standards for Discrimination Under 42 U.S.C. §1981, The NYSHRL, And The NYCHRL**

The burden is on Plaintiffs to establish their entitlement to recovery. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993). The Plaintiffs plead racial discrimination in employment under three separate statutes: 42 U.S.C. §1981, The NYSHRL, And The NYCHRL. As detailed *supra* and in Plaintiffs' Affidavits,

[C]laims of discrimination . . . arising under [] the NYSHRL, [and race discrimination claims under] 42 U.S.C. § 1981 . . . are generally analyzed according to the same standards of liability." *See* Batchelor v. City of New York, 2014 U.S. Dist. LEXIS 46921, *45 (E.D.N.Y. Feb. 16, 2014). Under Section 1981, only intentional racial discrimination is prohibited. *See* Akhtar v. Saudia, 2021 U.S. Dist. LEXIS 85336, *13, 2021 WL 1758807. *Id*.; *see also* Albert v. Carovano, 851 F.2d 561 (2d Cir. 1988) ("Essential to an allegation under Section 1981 are allegations that the defendant's acts were purposefully discriminatory and racially motivated."). Under the NYCHRL, courts must interpret its provisions "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible," *Albunio v. City of New York*, 16 N.Y.3d 472, 477-78 (2011). Therefore, "the plaintiff need only show differential treatment -- that she is treated 'less well' -- because of a discriminatory intent." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013).

Plaintiffs have alleged facts sufficient to show that they are members of a protected class (they are black) and were subject to discriminatory behavior. Defendant Tevlin's and his co-workers' repeated use of racial slurs against Plaintiffs over an extended period of time indicate the intentional and deliberate nature of the discrimination.

C.    **Plaintiffs are Entitled to Recovery Under FLSA and NYLL**

### a.  **Plaintiffs are Entitled to Recover Overtime Wages**

At all times relevant to the FLSA claims in this action, the minimum wage rate under the FLSA was $15.00 per hour. Employees must be paid one-and-one half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207(a)(1). New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. § 146-1.4.

The onus is on an employer to maintain records of employees' hours worked and wages paid. 29 U.S.C. §211(c). "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." *Zeng Liu v. Jen Chu Fashion Corp*, 2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. 2004). Plaintiffs worked over forty (40) hours a week. As Plaintiffs allege they were not paid at overtime rate of one-and-a-half times their regular rate, they are entitled to recover overtime wages.

### a.  <u>Statute of Limitations Under the FLSA and NYLL</u>

Under the FLSA, when the underpayment by the employer is willful, the limitations period increases from two (2) to three (3) years. 29 U.S.C. § 255(a). Willfulness under the FLSA means the employer "knew or showed reckless disregard for the matter of whether [the employer's] conduct was prohibited by the statute," *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Damassia v. Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 9768 at *5 (S.D.N.Y. May 20, 2005) (willfulness was properly pleaded by alleging, inter alia, that the employer was "aware of the existence of the FLSA and its overtime requirements."). Willfulness is also established when an employer fails to investigate whether its compensation policy was legal. *See Hardrick v. Airway Freights Systems, Inc.*, 63 F. Supp. 2d 898, 904 (N.D.Ill. 1999); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003), *aff'd,* 126 S.Ct. 514 (2005) (upholding the three-year statute of limitations

because employer was on notice of FLSA requirements but "took no affirmative action to assure compliance" with them).

In the present matter, Defendants were aware, or should have been aware, of the existence of the FLSA and its overtime requirements. However, the Defendants knew or disregarded the fact that their conduct was prohibited by the FLSA. Furthermore, even if the Defendants did not know of the FLSA, the Defendants' actions are still willful because the Defendants failed to investigate whether their compensation policy was legal. *See Hardrick*, 63 F. Supp. 2d at 904. Moreover, the Defendants failed to post the required information concerning the minimum wage laws and did not have a properly working system for recording his hours. This deliberate decision to disregard both FLSA and New York law, as well as Defendants' failure to take any affirmative step towards compliance, amount to willfulness for purposes of the FLSA and New York law. *Doo Nam Yang v. ACBL Corp.,* 427 F. Supp. 2d 327, 340 (S.D.N.Y. 2005)("A failure to pay is 'willful' when the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages")(internal quotations omitted).

As Plaintiffs can establish that Defendants' violation of the FLSA was willful, they are entitled to a three-year limitations period under the FLSA, *i.e.*, starting from February 2015, which is three years from the time the complaint was filed. *See, e.g*., *Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 U.S. Dist. LEXIS 10836 at *23-*24 (S.D.N.Y. 2005). Furthermore, under the New York Labor Law and regulations, the limitations period is six years, regardless of willfulness. N.Y. Labor Law § 663(3). Causes of action under the New York Labor Law accrue in the same manner as do causes of action under the FLSA. *See Godlewska v. Human Dev. Assoc., Inc.*, 2006 U.S. Dist. LEXIS 30519, at *12 (E.D.N.Y. May 18, 2006). Therefore, back pay under the New York Labor Law should be calculated from September 2014, six years from the filing date.

## Damages

### A.  Legal Standard

If a defendant defaults, the plaintiff must still prove damages in an evidentiary proceeding at which the defendant has the opportunity to contest the claimed damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d at 158. The plaintiff must also establish their entitlement to his requested relief to a "reasonable certainty." *Gunawan v. Sushi Sake Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974).

When a court enters a default judgment and the amount of damages sought does not consist of a sum certain, Rule 55(b) of the Federal Rules of Civil Procedure provides that: "The Court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2). It is within the Court's discretion "to determine whether plaintiffs' burden has been met, and whether or not to hold an evidentiary hearing." *Gesauldi v. Dan Yant Inc.*, 6 F. Supp. 3d 264 (E.D.N.Y. 2014).

None of the defaulting Defendants have appeared in the action and therefore, Plaintiff's allegations should be assumed to be true for purposes of determining this default judgment. Accordingly, the Court should impose liability against Defendants under 42 U.S.C. §1981, the NYSHRL, the NYCHRL, FLSA, and NYLL.

### B.  Back Pay

Under the NYSHRL and the NYCHRL, plaintiffs are entitled to an award of back pay from the date of termination until the date of judgment. *See DeCurtis v. Upward Bound International,*

*Inc*., 2011 U.S. Dist. LEXIS 114001, at *3 (S.D.N.Y. Sept. 27, 2011) (citing *Saulpaugh v. Monroe Cmty Hosp*., 4 F.3d 134, 144 (2d Cir. 1993)); 42 U.S.C. § 2000e-5(g)(1); *Epter v. New York City Transit Auth*., 216 F. Supp. 2d 131, 135 (E.D.N.Y. 2002); N.Y. Exec. L. § 297(4), (9); N.Y.C. Admin. Code 8-502(a).

As Plaintiff Woods states in his declaration, he earned $16 per hour working for Defendants. Exhibit 1, ¶7, 8. Although his schedule varied, he usually worked a total of sixty-three (63) hours per week. Exhibit 1, ¶6. Twenty-three (23) of these hours count as overtime, so in total he earned $1192.00 per week. *See* **Ex. A**. However, he has not been able to work since March 13, 2020, 97 weeks ago to date. *Id*. As such, Plaintiff is owed **$115,624** in back pay as of the date of this filing. *Id*. at ¶ 32.

### C. Emotional Distress Damages

Plaintiffs are entitled to significant emotional distress damages—at least in the six-figure range—to address the harm Defendants caused to them. As Plaintiffs made clear in their Affidavits, Defendants' discriminatory acts caused them a great amount of emotional distress. Here, Plaintiffs' statements are sufficient to support a significant award for emotional distress damages. Indeed, they are entitled to more than garden-variety damages. Since Defendants have defaulted and chosen not to challenge Plaintiffs' assertion of these damages, the Court should grant an award of at least multiple six figures in emotional distress damages under 42 U.S.C. §1981, the NYSHRL, and the NYCHRL.

In *re New York City Transit Auth*., the New York Court of Appeals reversed the Second Department's initial conclusion that the $450,000 award could not be sustained without evidence of treatment or physical manifestations, and instructed the Appellate Division that "the existence of compensable mental injury may be proved, for example, by medical testimony where that is available, but psychiatric or other medical treatment is not a precondition to recovery. Mental

injury may be proved by the complainant's own testimony, corroborated by reference to the circumstances of the alleged misconduct." *N.Y.C. Transit Auth. v. State Div. of Human Rights*, 78 N.Y.2d 207, 216-17 (1991).

There are multiple cases decided in State and Federal Court, under New York State and New York City law which expressly recognize that the testimony of the plaintiff, often supported by the testimony of her friends, family or co-workers, is sufficient to support a significant emotion distress award, without the testimony of a treating or expert medical provider. *See Osorio v. Source Enterprises, Inc.*, 2007 U.S. Dist. LEXIS 18725, at *5 (S.D.N.Y. 2007) (refusing to grant remittitur of $4 million in compensatory damages under the City Law based on testimony of plaintiff); *Town of Hempstead v. State Div. of Human Rights*, 233 A.D.2d 451 (2d Dep't 1996) ($500,000 for sexual harassment under NY State law based on testimony of plaintiff and friend); *Broome v. Biondi*, 17 F.Supp.2d 211 (S.D.N.Y. 1997), (refusing to grant remittitur where a jury awarded $114,000 each in emotional distress damages under the City Law to two tenants whose application to sublease a cooperative apartment was rejected on the basis of race, solely on their testimony of embarrassment and humiliation caused by the discriminatory approval process, being reduced to tears, and her husband's testimony as to his anger and shame for not having defended his wife.). In *Santana v. G.E.B. Med. Mgmt., Inc.*, 2017 NY Slip Op 32289(U) (Sup. Ct. Bronx County 2008), three plaintiffs obtained a $6.2 million verdict for the discrimination and unlawful termination they suffered as a result of their pregnancies. The jury awarded each plaintiff $1.5 million in compensatory damages for pain and suffering, $1.5 million in punitive damages, and $180,000 in lost wages.

### b.  Overtime Wages

Here, Plaintiffs were not paid at overtime at the rate of one-and-a-half times their regular rate. To determine the Plaintiffs' unpaid minimum wages, firstly Plaintiffs' Regular Rate is

determined by dividing their weekly salaries by the hours worked that week. Next, to determine the Regular Weekly Pay, the Regular Rate per hour must be multiplied by forty (40). The Regular Rate of pay must then be multiplied by 1.5 to determine the Overtime Rate, and this Overtime Rate is multiplied by the number of Overtime Hours worked per week to determine Overtime Pay. Lastly, the sum of Overtime Pay and Regular Pay is multiplied by the number of weeks owed. Plaintiff Woods is owed $24.632.00 in unpaid minimum and overtime wages. *See* **Ex. A,** a chart calculating Plaintiff's damages. Plaintiff Hilton is owed $22,882.50 in unpaid minimum and overtime wages. *See* **Ex. A**.

### c.  Plaintiffs are Entitled to Liquidated Damages

Liquidated damages of 100% of the unpaid wages under the FLSA are mandatory. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). The employer can make this award discretionary, however, by a showing of good faith. 29 U.S.C. § 260. In the present matter, the Defendants have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages is mandatory. Liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime. 29 U.S.C. § 216(b).

Likewise, under the NYLL, an employee is also entitled to liquidated damages "equal to one hundred percent of the total of such underpayments found to be due," unless the employer proves a good faith basis for believing he or she was in compliance with the law. N.Y. Labor Law § 663(1).

Plaintiff Woods is therefore entitled to liquidated damages in the amount of $23,712.00 for overtime wage violations. *See* **Ex. A**. Additionally, Plaintiff Hilton is therefore entitled to liquidated damages in the amount of $22,882.50 for overtime wage violations. *See* **Ex. A**.

**d. <u>Plaintiffs are Entitled to Damages for Violations of Wage Notice and Statement Requirements</u>**

Defendants never provided Plaintiffs with a wage notice at the start of their employment or annually, or a wage statement with each payment of wages as required by NYLL §§ 195(1) and 195(3). Plaintiffs are therefore entitled to statutory damages in the maximum amount of $5,000 under each section, for a total of $10,000.

**e. <u>Reasonable Attorneys' Fees and Costs</u>**

Plaintiffs are also entitled to fees and costs for Defendants' discriminatory and unlawful actions. *See Insinga v. Coop. Centrale Raiffeisen Boerenleenbank B.A.*, 478 F. Supp. 2d 508, 511-12 (S.D.N.Y. 2007). As such, Plaintiffs should be awarded attorneys' fees and costs commensurate with the work and cost of obtaining the default and whatever discovery and hearing(s) the Court deems necessary. Plaintiffs' counsel has maintained contemporaneous records of this time. However, seeing as Plaintiffs request an inquest in this matter, Plaintiff requests that this Court determine the attorney-fee award at the inquest in this matter.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 186 (2d Cir. 2008). The rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA N.Y. City Transit Auth.,* 457 F.3d 224, 232 (2d Cir. 2006) (citation omitted). At the inquest, the Court should

19

find that all attorney hours spent on this case were reasonable under the circumstances and include every hour expended in its calculation of the presumptively reasonable fee.

### f.   **Attorneys' Fees and Support Staff Fees**

The legal work in this matter included: drafting and filing the summons and complaint, serving the summons and complaint, discussing the details of the complaint with Plaintiffs, preparing and filing the case in the Equal Employment Opportunity Commission, preparing calculations of damages and drafting a demand letter, moving for an entry of a default, and preparing proof of damages, and preparing the present motion. Vo Decl. ¶ 12. Courts have approved fees for such services. "In recent years, [attorneys'] fees have been awarded in the Eastern District of New York at an hourly rate of $300 to $450 for partners and $100 to $325 for associates in civil rights cases." NC Equip. Fin., LLC v. Montauk Transp. Serv., 2019 U.S. Dist. LEXIS 216798, at *11 (E.D.N.Y. Dec. 16, 2019) (approving rate of $285 for attorney) (quoting Smart v. City of New York, 2017 U.S. Dist. LEXIS 24602, at *3 (E.D.N.Y. Feb. 17, 2017) ("In recent years, fees have been awarded in the Eastern District of New York at an hourly rate of $300 to $450 for partners and $100 to $325 for associates in civil rights cases."), report and recommendation adopted, 2017 U.S. Dist. LEXIS 33221 (E.D.N.Y. Mar. 8, 2017). See also Labarbera v. Gulgar Trucking, 2020 U.S. Dist. LEXIS 6294, at *8 (E.D.N.Y. Jan. 13, 2020) (approving $100 hourly rate for paralegals). Plaintiffs' counsel anticipates spending additional time preparing for and at the inquest in the matter. As such, Plaintiffs' Counsel will supplement this request with contemporaneously created time records related to work on this matter at the time of inquest.

### g.   **Additional Damages**

Plaintiffs are also entitled to an award of prejudgment interest on the minimum and overtime damages at the rate of 9% per annum.

Plaintiffs also request that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

## Conclusion

Based on the foregoing, and the accompanying declarations, Plaintiffs should be granted default judgment against the Defendants.

Dated: New York, New York
January 21, 2022

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**

Melissa Vo
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
(212) 248-7431
mvo@tpglaws.com

21