**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X   Case No.  20-cv-08088

EDWARD WOODS and TYRONE HILTON,
    *individually*

                            Plaintiffs,

          -against-                         **Declaration of Melissa Vo in Support of Plaintiff's Motion for Default Judgment**

FITZCON CONSTRUCTION/REN CORP.,
FITZCON EXCAVATION, ESCO HIRF CO.
INC., RONAN COTTER, *individually*,
CORNELIUS O'SULLIVAN, *individually*,
and MARTIN TEVLIN, *individually*

                             Defendants.

-----------------------------------------------------------------------X

    MELISSA VO, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following under the penalties of perjury:

1. I am an Associate Attorney for the law firm PHILLIPS & ASSOCIATES ATTORNEYS AT LAW, PLLC, attorneys for Plaintiffs EDWARD WOODS and TYRONE HILTON ("Plaintiffs") in this action. I am fully familiar with all the facts and circumstances herein.

2. I make this affirmation in support of the within application for an Order pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 55.2(b) of the Local Rules of the United States District Court for the Southern District of New York granting Plaintiff a default judgment against Esco Hirf Co., Inc., and Martin Tevlin as well as an Order permitting Plaintiff to conduct an inquest on the issue of damages.

3. True and correct copies of Plaintiffs Affidavits are attached here to as **Exhibit "1" and "2"**

4. This action was commenced on September 30, 2020, pursuant to 42 U.S.C. §1981, the New York State Human Rights Law, New York State Executive Law §§ 296, et. seq.

1

("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§ 8-107, et. seq. ("NYCHRL"), and the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.), and the New York Labor Law ("NYLL"). A copy of the Complaint is attached as **Exhibit "3."**

5. On October 8, 2020, Defendant Esco Hirf Co., Inc. was served via the secretary of state with a copy of the Summons and Complaint, thereby completing service on Defendant Esco Hirf Co., Inc. A copy of the proof of service is annexed hereto as **Exhibit "4."**

6. On December 9, 2020, Muataz Ahmad delivered a true copy of the summons and of the complaint to Martin Tevlin at 6903 55TH Avenue, Maspeth, NY 11378, the last known residence of Defendant Martin Tevlin, thereby completing service on Martin Tevlin. A copy of the proof of service is annexed hereto as **Exhibit "5."**

7. According to FRCP 12(a), a defendant has 21 days from service of a summons and complaint to file an answer. Therefore, Defendant Esco Hirf Co., Inc. had until Thursday, October 29, 2020, to file their Answer. Likewise, Defendant Martin Tevlin had until Wednesday, December 30, 2020 to file his Answer.

8. Both Defendants failed to file an Answer or otherwise appear in this matter.

9. On June 14, 2021, the Clerk of the Court issued a Certificate of Default as to Defendants Esco Hirf Co., Inc. and Martin Tevlin. A copy of the Certificates of Default against Defendants, dated June 14, 2021, are annexed herein as **Exhibit "6" and "7."**

10. As per Rule 55.2(c) of the Local Rules of the United Stated District Courts for the Southern and Eastern Districts of New York, Plaintiffs have mailed all papers filed in support of the entry of default to "the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if

Case 1:20-cv-08088-ALC-SLC   Document 57   Filed 01/21/22   Page 3 of 4

a person other than an individual)." Proof of such mailings to Defendants is concurrently being filed with the Court as **Exhibit "8."**

11. Defendant Esco Hirf Co., Inc., and Martin Tevlin have deliberately failed to respond to Plaintiff's Complaint. Furthermore, there has been no appearance by an attorney on behalf of the Defendants.

12. Because the damages Plaintiffs have suffered are not a sum certain, as they include, among other things, economic, compensatory, and punitive damages (plus interest), as well as reasonable attorneys' fees and costs, Plaintiff respectfully requests an inquest hearing for the purpose of determining the damages to which they are entitled to from Defendants. Plaintiff's counsel and paralegal staff spent time drafting and filing the summons and complaint, serving the summons and complaint, discussing the details of the complaint with Plaintiff, preparing and filing the case in the Equal Employment Opportunity Commission, preparing calculations of damages and drafting a demand letter, moving for an entry of a default, and preparing proof of damages, and preparing the present motion. Plaintiff's Counsel has maintained, and continues to maintain, contemporaneous time records of this time, and will supplement the request for attorneys' fees at the time of inquest.

13. Plaintiffs are also entitled to recover "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998); *Yang v. ACBL Corp.*, 2006 U.S. Dist. LEXIS 6919, at *4 (S.D.N.Y. Feb. 22, 2006). Here, Plaintiff's Counsel incurred a filing fee of $400.00 when it filed the Summons and Complaint with this Court. Plaintiff's Counsel also incurred $366.00 when it arranged for a process server to serve the Summons and Complaint on Defendants. Finally, Plaintiff's Counsel incurred $40.08 for postage and delivery of correspondence to

3

Defendants. Plaintiff has receipts evidencing these costs on file and will provide them to the Court at the inquest.

14. To the best of my knowledge, the Defendants are not infants or incompetent.

15. To the best of my knowledge, no part of the judgment sought has been paid.

16. Plaintiff Woods is owed $24.632.00 in unpaid minimum and overtime wages. Plaintiff Hilton is owed $ 22,882.50 in unpaid minimum and overtime wages. Plaintiffs further request that an inquest be scheduled to determine the amount of emotional distress damages, punitive damages, attorneys' fees, and reasonable costs to which Plaintiff is entitled. A proposed form of judgment is attached hereto as **Ex. 9.**

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff's motion for default judgment against both Defendants and that an inquest hearing be scheduled to determine the amount of damages that they are owed.

Dated: New York, New York
January 21, 2022

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**

_____
Melissa Vo
*Attorneys for Plaintiffs*
45 Broadway, Suite 430
New York, New York 10006
(212) 248-7431
mvo@tpglaws.com

4