**PHILLIPS & ASSOCIATES**

*Attorneys at Law*
45 BROADWAY, SUITE 620, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

August 31, 2022

<u>*Via ECF*</u>
The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  **RE:**  <u>**Woods et al. v. Fitzcon Construction/Ren Corp. et al.,**</u>
     20-cv-08088 (SLC)

Your Honor:

  This firm represents the Plaintiffs Edwards Woods and Tyrone Hilton (collectively "Plaintiffs") in the above-referenced matter. Plaintiffs write jointly with Defendants Fitzcon Construction/Ren Corp., Fitzcon Excavation, Cornelius O'Sullivan, and Ronan Cotter (collectively, the "Fitzcon Defendants") to request that the Court approve the settlement agreement ("the Agreement") reached by the Parties herein as fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement is attached hereto as Exhibit A.

  Following a settlement conference before Your Honor, Plaintiffs have agreed to settle their claims. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties and a mediation conducted through this Court's mediation program. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' wage and discrimination claims asserted in this case as outlined more specifically in the attached Agreement.

  The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

I. **Statement of the Case**

This is an action for money damages brought by Plaintiffs Edward Woods and Tyrone Hilton alleging violations pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), the New York State Human Rights Law, New York State Executive Law §296, et. seq. ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code § 8-107, et seq. ("NYCHRL") as a result of allegedly being discriminated against on the basis of their race (Black) and suffering a hostile work environment. In addition, Plaintiffs brought claims against the Fitzcon Defendants and certain non-appearing defendants (Esco Hirf Co. Inc. and Martin Tevlin) for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs. Specifically, Plaintiffs allege they were both employed as laborers in construction by the defendants for years, and despite allegedly working extensive hours for the defendants neither Plaintiff was ever compensated for hours worked over forty, instead being paid at a straight rate. On top of defendants' alleged failure to pay them properly, Plaintiffs alleged their work environment was permeated with brutal racial discrimination by co-workers and supervisors, and Plaintiffs' complaints about this environment fell on deaf ears. In the event that Plaintiffs were successful in all their arguments at trial, Plaintiffs estimate wage damages of $47,514.50, plus an equivalent amount of liquidated damages; an estimate by Plaintiffs of potential damages is annexed hereto as Exhibit B. Plaintiff also estimates damages for emotional distress related to discrimination claims.

The Fitzcon Defendants denied all of Plaintiffs' allegations, including whether, and to the extent, that they were even employed by any of the Fitzcon Defendants in the first instance.

II. **The Proposed Settlement is Fair and Reasonable**

Under the settlement, the Fitzcon Defendants will pay $75,000.00 to settle all claims over the course of ten months. Of this amount, $30,209.60 will be attorney's fees and costs incurred in this matter, with the remainder to go to the Plaintiffs. Each Plaintiff will recover from the settlement proportionally to their estimated damages in Exhibit B.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Having conferred with the Fitzcon Defendants, it became clear that there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Significantly, the

Fitzcon Defendants vigorously contested the Plaintiffs' alleged hours worked and whether Plaintiffs worked for them. Looked at as a whole, these contested issues suggested that settlement was a reasonable path forward for all parties in this action.

The Fitzcon Defendants also have limited ability to pay a settlement in light of the financial situation of the construction industry and the closing of the corporate entities, and it would have been difficult to enforce a large judgment against the Fitzcon Defendants and collect it in full. Even if Plaintiffs were to obtain a judgment for the full amount of their claimed damages, it is not clear that they would have been able to collect even partial payment. The proposed settlement represents a reasonable compromise between the strength of Plaintiffs' claims and the Fitzcon Defendants' financial situation, and was reached in tandem with settlement conferences before Your Honor.

Considering the risks in this case outlined and discussed *supra*, Plaintiffs believe that this settlement is an excellent result for the Plaintiffs, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### III.    Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreements with the Plaintiffs, Plaintiffs' counsel will receive $30,209.60 from the settlement fund as attorneys' fees and costs. This represents one third of the settlement fund after costs of $8,148.70; costs in this case include the Court filing fee, service of process, mediation costs and postage for a mailing connected to this matter. *See* Exhibit C, Phillips & Associates Costs Report. This one third contingency rate constitutes a reduction from the forty percent retainer rate reflected in each Plaintiffs' retainer agreement.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, including a mediation following the filing of a motion for default against the non-appearing defendants, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).  Additionally, each Plaintiff has already agreed to the fee provided for in the settlement.

A summary of billing records for Plaintiffs' counsel is annexed hereto as Exhibit D; duplicative or extraneous billing records have been removed. Accordingly, we calculate our lodestar in the amount of $64,605.00 an amount larger than the fees requested in connection with

the settlement here. A brief biography of each timekeeper who performed billed work in this matter is as follows:

    a. Shawn Clark is a Senior Associate at Phillips & Associates PLLC and bills at a rate of $350.00. Mr. Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an Articles Editor for the New York University Journal of Legislation and Public Policy. During law school Mr. Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted former United States District Judge John Gleeson with formulating a curriculum for newly appointed appellate judges at New York University's Opperman Institute for Judicial Administration. Following law school, Attorney Clark worked in the Legal Bureau of the NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. Between 2012 and 2014 Mr. Clark worked at the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York. Since 2014, Mr. Clark has specialized in litigating employment matters on behalf of plaintiffs in state and federal courts, including wage & hour and discrimination actions. He has served as lead counsel in multiple bench and jury trials involving employment matters in the federal courts.

    Attorney Clark is an active member of the New York Chapter of the National Employment Lawyers Association and the Federal Bar Council. He has been selected as a Super Lawyers Rising Star each year since 2015.

    b. Samantha Cassinelli was a paralegal at Phillips & Associates PLLC and bills at a rate of $100.00. Ms. Cassinelli attended the University of Maryland and earned her undergraduate degree in 2016 in Criminology and Criminal Justice. During college Ms. Cassinelli worked as an intern in the District's Attorney's Office and then as a legal assistant in a law firm in Guayaquil, Ecuador. From April 2017 to December 2019, Ms. Cassinelli worked as a paralegal for another labor and employment firm in Manhattan. Ms. Cassinelli joined Phillips & Associates in December 2019.

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them. The Parties thank the Court for its attention to this matter.

                                  Respectfully submitted,

                                  **PHILLIPS & ASSOCIATES,**
                                  **ATTORNEYS AT LAW, PLLC**

                              By: /s/ Shawn Clark_____
                                  Shawn Clark, Esq.

CC: All Counsel of Record (ECF)